[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11846
Non-Argument Calendar
_____

D.C. Docket No. 7:12-cv-00800-LSC


TERESA D. SCOTT-BOLTON,

Plaintiff-Appellant,

versus

STATE OF ALABAMA BOARD OF
PARDONS & PAROLES,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(January 8, 2014)

Before MARCUS, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Teresa Scott-Bolton appeals the district court's grant of summary judgment to the Alabama Board of Pardons and Paroles ("the Board") for her claim of discrimination under the Rehabilitation Act, pursuant to 29 U.S.C. § 794(a).  On appeal, she argues that the district court erred when it determined that the Board did not have a duty to hire her for the probation specialist position.  After careful review, we affirm.

We review a district court's grant of summary judgment de novo, considering the evidence and reasonable inferences in favor of the non-moving party.  Ellis v. England, 432 F.3d 1321, 1325 (11th Cir. 2005).  Summary judgment is appropriate if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.  Id.; see also Fed.R.Civ.P. 56.  Additionally, "the law is by now well settled in this Circuit that a legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed."  Access Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324, 1330 (11th Cir. 2004).

The Rehabilitation Act provides the following protection for persons facing a disability:

> No otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.

2

29 U.S.C. § 794(a).  To establish a prima facie case for discrimination under the Rehabilitation Act, the plaintiff must show: "(1) she had a disability; (2) she was otherwise qualified for the position; and (3) she was subjected to unlawful discrimination as the result of her disability."  Garrett v. Univ. of Ala. at Birmingham Board of Trustees, 507 F.3d 1306, 1310 (11th Cir. 2007).  If an individual is deemed disabled but not otherwise qualified for the position during the relevant time frame, the employer is not required to create a new position as a way to accommodate the disability.  Sutton v. Lader, 185 F.3d 1203, 1210 (11th Cir. 1999) ("employers are not required to create positions specifically for the handicapped employee") (quotation omitted).

Here, Scott-Bolton has abandoned almost all of her arguments on appeal, because she did not raise those arguments in her brief.  See Access Now, 385 F.3d at 1330.  Thus, the only issue before us is whether the Board was required to hire her in the position as a probation specialist.  As the record shows, however, the district court determined that although Scott-Bolton was disabled, it was undisputed that Scott-Bolton resigned her position on October 6, 2011, and that the probation specialist position was not announced until October 26, 2011.  Because the position was not in existence at the time Scott-Bolton resigned, the Board was not obligated to notify or hire her in that position, or create the position for her as a way to accommodate her disability.  Sutton, 185 F.3d at 1210.

3

**AFFIRMED.**